958

## COHEN et al. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
November 21, 1929.

No. 5596.

J. S. Kone, of Sherman, Tex. (J. S. Kone, of Sherman, Tex., and H. H. Cummins, of Denison, Tex., on the brief), for appellants.

Randolph Bryant, U. S. Atty., of Sherman, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellants were convicted under an indictment filed January 8, 1929, charging them and others with conspiring, in anticipation of the bankruptcy of one of them, Harry L. Cohen, to conceal his assets. The first indictment charging the same parties with such offense was filed January 4, 1928. After the filing on January 7, 1929, of a demurrer to that indictment, the indictment under which the appellants were convicted was filed as above stated. Over objection of the appellants the two indictments were consolidated. Thereafter the indictment which was first filed was dismissed. The appellants complain of the action of the court in consolidating the two indictments, and in overruling a motion of appellants that the case be continued because of the absence of two named witnesses.

The indictment first filed having been dismissed before the submission of the case to the jury, with a result that the conviction was based on the last filed indictment only, the appellants could not have been prejudiced by the action of the court in consolidating the indictments. Furthermore, it is apparent from the indictments that both of them were based on the same alleged transaction, the allegations as to that transaction, with the exception mentioned below, being the same in both indictments, and each of the indictments charging the same overt acts. The indictment first filed alleged in effect that the accused conspired as alleged, "with the purpose and intent of forcing the filing of a petition in bankruptcy against said Harry L. Cohen." The other indictment alleged in effect that the accused conspired as alleged "with the purpose and intent of filing a voluntary petition in bankruptcy on behalf of said Harry L. Cohen." The last filed indictment merely varied the description of one feature of a single transaction charged, to meet a different phase of evidence as to that feature of the one transaction. The charges in both indictments being based on the same alleged transaction, there being only variations in the descriptions of that transaction in the two indictments, their consolidation was permitted by the statute. U. S. C. title 18, § 557 (18 USCA § 557).

A continuance was sought by the appellants because of the absence of two named witnesses, as to whom it was alleged that their whereabouts were unknown, though appellants had made diligent efforts to locate them. No facts were alleged indicating a probability of appellants being able to procure the attendance of either of those witnesses at a subsequent term of the court. This being so, the court is not chargeable with error for refusing a continuance because of the absence of those witnesses.

The record showing no error, the judgment is affirmed.